UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW L. WOODS,

    Plaintiff,

v.                              Case No: 2:16-cv-897-FtM-29MRM

RADIATION THERAPY SERVICES,
INC., a Florida Corporation,
d/b/a 21ST CENTURY ONCOLOGY,

    Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Attorney Disqualification (Doc. #12) filed on January 17, 2017. Plaintiff filed a Memorandum in Opposition (Doc. 23) on January 31, 2017. On February 6, 2017, the Court heard argument from counsel on the motion, and it was otherwise taken under advisement. Defendant seeks to disqualify Joseph I. Zumpano, Leon N. Paricios, and Bryan R. Cleveland, as well as the law firm of Zumpano Patricio & Winkler, P.A. (the Zumpano firm) from representing plaintiff in this case.

Defendant argues that plaintiff's witnesses will include many of the same witnesses that were prepped in the previous litigation. Dr. Dosoretz, a current member of defendant's Board of Directors and the former CEO, is expected to be a witness in this case because he signed the employment agreement at issue and because it

is alleged that Dr. Dosoretz acknowledged and agreed to the obligation to pay the incentive bonuses but asked plaintiff to defer payment. Dr. Dosoretz also paid a portion of the incentive bonus that was frozen and otherwise deferred the balance. Defendant also argues that the Zumpano firm was privy to confidences as to how defendant interprets its employment agreements and contractual obligations.

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist. [ ] The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003) (internal citations omitted).

The professional conduct of members of the Middle District of Florida Bar is governed by the Model Rules of Professional Conduct of the American Bar Association, as modified and adopted by the Supreme Court of Florida. Local Rules, United States District Court, Middle District of Florida, Rule 2.04(d). Under Florida Bar Rule of Professional Conduct 4-1.9,

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

>    (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
>    (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Regulating Fla. Bar 4-1.9.

It is undisputed that the Zumpano firm formerly represented 21st Century in a "matter." In 2012, a Dr. Ronald D. Castellanos filed suit against 21st Century Oncology and others in Lee County Circuit Court, Florida (the Castellanos case). Dr. Castellanos sued 21st Century for breach of an employment agreement, which allowed him to practice medicine as an employee of 21st Century, and for breach of a consulting agreement. Dr. Castellanos sought an accounting regarding unpaid compensation and declaratory relief that non-compete provisions of the employment agreement were no longer enforceable based on the breach. Dr. Castellanos brought claims against individual defendants for tortious interference, conversion, and civil theft. Dr. Castellano's employment agreement was terminated in November 10, 2011, without payment of compensation in excess of $1 million, and Dr. Castellano alleged that he was owed at least $100,000 under the consulting agreement.

Bryan R. Cleveland of the Zumpano firm represented 21st Century Oncology and the individual defendants. The Zumpano firm

spent over 120 hours preparing Dr. Dosoretz for deposition in the Castellanos case at a significant cost.  The Zumpano firm also had at least 16 conversations with the former General Counsel for 21st century regarding litigation strategy, counterclaims, and settlement.

In the current case, the original Complaint (Doc. #2) was removed to federal court on December 19, 2016.  In the Amended Complaint (Doc. #32), plaintiff Andrew L. Woods seeks amounts due and owing pursuant to an executive employment agreement that provided for payment of large incentive bonuses for his role as a lobbyist in connection with the federal government's adoption of stabilization initiatives vital to the interest of 21st Century Oncology.  Plaintiff also acted as a senior company executive for defendant.  Plaintiff seeks relief for breach of contract, a loss of ERISA plan benefits, declaratory relief from certain restrictive provisions of the employment agreement, severance payments, and certain COBRA payments.

The Zumpano firm may not represent plaintiff in the current case against 21st Century if the current case is "a substantially related matter in which that person's [Woods] interests are materially adverse to the interests of the former client [21st Century] unless the former client gives informed consent, . . ." R. Regulating Fla. Bar 4-1.9(a).  The Comment to The Florida Bar Rule provides that "[m]atters are 'substantially related' for

purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." R. Regulating Fla. Bar 4-1.9 cmt. Nothing in the current case involves the Zumpano firm attacking its work for 21st Century in the Dr. Castellano case. Additionally, the two cases do not involve the "same transaction or legal dispute." Each termination was different, as were the underlying employment/consulting contracts. Woods was not involved in providing any medical services, as was Dr. Castellano. The Court concludes that the current case is not "a substantially related matter" to the Dr. Castellano case, and therefore the Zumpano firm is not disqualified under R. Regulating Fla. Bar 4-1.9(a).

Lawyers also owe an obligation of confidentiality to a former client, and may not subsequently use information acquired in the course of representing a client to the disadvantage of the client unless permitted or required under the Rules Regulating the Florida Bar, or the information has become generally known, or with the former client's consent. R. Regulating Fla. Bar 4-1.9(b). As the Comment to the Rule states, "the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client. Information that has been widely disseminated by the media to the public, or that typically would be obtained by any

reasonably prudent lawyer who had never represented the former client, should be considered generally known and ordinarily will not be disqualifying. The essential question is whether, but for having represented the former client, the lawyer would know or discover the information." R. Regulating Fla. Bar 4-1.9 cmt. Additionally, "[i]n the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation." Id. The Court finds that defendant has not established this ground for disqualification of the Zumpano firm.

Although both cases involved employment agreements, the similarity ends there. The Castellanos case involved a doctor who saw patients, while plaintiff in this case is a lawyer who was an executive and lobbyist for defendant. At the time of representing Mr. Castellanos, Mr. Woods was not even a known factor. The Zumpano firm indicated that they did not actually depose Dr. Dosoretz and cannot confirm if he was deposed at a later date after their representation because they were not privy to that information. The Zumpano firm's representation was not through the end of the Castellanos case, and there is no evidence that

they were made privy to relevant confidential information that could be used in this case to disadvantage Mr. Woods.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Attorney Disqualification (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record